# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1496
_____

Amreya Rahmeto Shefa

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

------------------------------

Standpoint, formerly known as Battered Women's Legal Advocacy Project;
Tubman; Minnesota Coalition for Battered Women; Boston College Law School
Immigration Clinic; Harvard Immigration and Refugee Clinical Program;
Immigrant Legal Resource Center; The Advocates For Human Rights

*Amici on Behalf of Petitioner*

_____

No. 19-2698
_____

Amreya Rahmeto Shefa

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

------------------------------

Standpoint; The Human Trafficking Legal Center; Freedom Network USA

*Amici on Behalf of Petitioner*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 12, 2020
Filed: May 11, 2020
[Unpublished]
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Amreya Rahmeto Shefa, a citizen of Ethiopia and lawful permanent resident of the United States, seeks judicial review of a final order for her removal issued by the Board of Immigration Appeals ("Board"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and remand for a hearing on the government's claim that Shefa committed a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii) of the Immigration and Nationality Act ("INA").

On February 14, 2019, the Board found Shefa removable and ineligible for withholding under the INA because the circumstances underlying her conviction for

first-degree manslaughter, Minn. Stat. § 609.20(1), made it a "particularly serious crime" within the meaning of § 1231(b)(3)(B)(ii). Shefa argues that she was denied a hearing on the issue of withholding in violation of the Fifth Amendment's Due Process Clause. We review this constitutional claim *de novo*. Ortega-Marroquin v. Holder, 600 F.3d 814, 818 (8th Cir. 2011) (citation omitted).

The Due Process Clause guarantees subjects of removal proceedings a fair hearing. Reno v. Flores, 507 U.S. 292, 306 (1993); Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004). A fair hearing includes the opportunity to "present evidence, offer arguments, and develop the record." Tun v. Gonzalez, 485 F.3d 1014, 1025 (8th Cir. 2007). The Immigration Judge ("IJ") presiding over Shefa's case noted that because Shefa's sentence was 86 months, the conviction was *per se* a "particularly serious crime." See 8 U.S.C. § 1231(b)(3)(B) (stating that an aggravated felony conviction exceeding five years shall be considered a "particularly serious crime"). The length-of-sentence finding obviated the need to determine whether the circumstances of Shefa's conviction rendered her crime "particularly serious." See id. ("[T]he Attorney General . . . [may] determin[e] that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.").

The necessity for a hearing on whether Shefa's crime was "particularly serious" arose when the Board found her ineligible for withholding by relying on the underlying circumstances of her conviction rather than the length of her sentence. See Tian v. Holder, 576 F.3d 890, 897 (8th Cir. 2009). As we noted in Tian, when the Board does not rely on the length of a sentence to make a particular seriousness finding, it "generally examine[s] a variety of factors," including "consideration of the individual facts and circumstances" underlying the conviction. Id. (quoting In re N-A-M-, 24 I. & N. Dec. 336, 342 (B.I.A. 2007)). Under these circumstances, a hearing should have been held to allow Shefa the opportunity to provide a complete picture of the unusually abusive atmosphere leading up to her criminal actions. Although this extra process may have ended in the same result, it also had the potential to affect the

outcome.  See <u>Tun</u>, 485 F.3d at 1026 (stating that a petitioner is entitled to relief for a due-process violation if she demonstrates that it had the potential to affect the outcome).

We grant Shefa's petition in part, remanding her case for a hearing on whether her conviction was for a "particularly serious crime" under the INA.  Because further proceedings before the IJ will have the incidental effect of enabling Shefa to continue to pursue relief in the form of T and U visas before the United States Citizenship and Immigration Services, we need not address her request for a stay.

_____